UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUHEILY FIGUEROA,

     Plaintiff,

v.                                                                          Case No: 8:16-cv-1343-T-33JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Affidavit of Indigency, which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. (Dkt. 6.) Upon review of the affidavit, it appears that Plaintiff is financially eligible to proceed *in forma pauperis*. A review of the complaint, however, reveals that Plaintiff has failed to establish that this Court has subject-matter jurisdiction over her claims.

Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, courts hold pro se pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Notwithstanding this less stringent standard, liberal construction cannot serve as a substitute to

establishing a cause of action.  *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (stating that while courts should show leniency to pro se litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action").  In the same vein, the Eleventh Circuit requires pro se litigants to "conform to procedural rules."  *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).  Additionally, the court may raise jurisdictional issues on its own initiative at any stage of litigation and may dismiss a complaint for lack of subject-matter jurisdiction based on the complaint alone.  *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014).

Plaintiff, acting pro se in this action, brings suit against the Commissioner of Social Security[1] related to her son's petition for disability benefits.  (Dkt. 1.)  Based on the sparse filing, it appears that Plaintiff's Complaint is intended to be either: (1) an application for Social Security benefits, which should be presented to the Social Security Administration; or (2) an appeal of a decision of the Commissioner of Social Security.  (Dkt. 1.)

Under the Social Security Act, a social security claimant may obtain review of an administrative decision of the Social Security Administration by filing a civil action in federal district court, but only "after any final decision of the Commissioner of Social Security made after a hearing."  42 U.S.C. § 405(g).  As such, judicial review is limited to a particular type of agency action—a final decision of the Commissioner made after a hearing.  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  A final decision is defined as the initial determination of the Commissioner about

---

[1] In her Complaint, Plaintiff identifies the Office of Disability Adjudication and Review as the defendant.  (Dkt. 1.)  However, in a Social Security appeal, the proper defendant is the Commissioner of Social Security.  *See Lazenberry v. Comm'r of Soc. Sec.*, No. 6:13-CV-303-ORL-18, 2013 WL 1629289, at *2 n.4 (M.D. Fla. Mar. 28, 2013) ("The proper defendant to a claim for review of the SSA's denial of disability benefits is the Commissioner of Social Security.").  In amending her complaint, Plaintiff must name the acting Commissioner of Social Security as Defendant in this case.

the right to benefits after a claimant has exhausted all available steps of the administrative review process. *Collier v. Comm'r of Soc. Sec.*, 504 F. App'x 835, 837 (11th Cir. 2013).

Therefore, to obtain judicial review of an agency decision, a claimant must have: (1) presented a claim for benefits to the Commissioner; and (2) exhausted the administrative remedies, which means that the claimant completed each of the steps of the administrative review process, unless exhaustion has been waived. *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997). The administrative review process includes an initial determination, reconsideration, a hearing before an Administrative Law Judge ("ALJ"), and review by the Appeals Council. *Anderson v. Comm'r, Soc. Sec. Admin.*, 544 F. App'x 861, 862 (11th Cir. 2013).

In this case, Plaintiff does not meet the pleading requirements of Federal Rule of Civil Procedure 8, which requires a short and plain statement of the basis of the court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a). Specifically, Plaintiff fails to allege facts sufficient to show that she exhausted her administrative remedies prior to filing suit and fails to provide sufficient facts regarding the basis for her claim, including the nature of the claim presented to the Commissioner. If Plaintiff seeks to appeal a decision denying her disability benefits, she must provide the onset date of the disability giving rise to her claim, the date she applied for disability benefits, and the date those benefits were denied. *See Aka v. SSA Appeal Officers*, No. 1:13-CV-2003-TWT, 2013 WL 6191062, at *2 (N.D. Ga. Nov. 25, 2013) (requiring the plaintiff appealing the denial of disability benefits to state the date of the onset of the disability giving rise to her claim, the date she applied for disability benefits, and the date her benefits were denied).

Additionally, upon review of the Complaint, it appears that Plaintiff seeks relief on behalf of her son. Although individual parties in federal court generally "may plead and conduct their

own cases personally or by counsel," 28 U.S.C. § 1654, the right to appear pro se is limited to parties conducting "their own cases" and does not extend to non-attorney parties representing the interests of others. *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015). Consequently, "'parents who are not attorneys may not bring a pro se action on their child's behalf.'" *Id.* (quoting *Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997)). Therefore, although a parent may file an application for disability benefits on his or her child's behalf and may seek review of a decision denying benefits, a parent may not bring a pro se action on the child's behalf. *See Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (providing that although Federal Rule of Civil Procedure 17 authorizes a guardian to sue on behalf of a minor child, a non-lawyer parent cannot represent a child in an action on the child's behalf). Therefore, Plaintiff, as a non-attorney, may not bring a pro se action on her son's behalf or otherwise represent him in this action.

As Plaintiff's Complaint fails to establish that this Court has subject-matter jurisdiction over her claims and fails to state a claim on which relief may be granted, the Complaint is deficient and is subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, it is recommended that Plaintiff be required to file an amended complaint. *Butler*, 562 F. App'x at 835 (stating that a district court must grant a plaintiff at least one opportunity to amend his or her complaint before dismissal, even if the plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure the deficiency). Upon consideration, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 6) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice, with leave to file an amended complaint.

**IT IS SO REPORTED** in Tampa, Florida, on September 1, 2016.

 

 

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

 

Copies furnished to:
The Honorable Virginia M. Hernandez Covington
Counsel of Record
Unrepresented Party